**KAHN SWICK & FOTI, LLC**
KIM E. MILLER (KM-6996)
500 5th Ave. Suite 1810
New York, NY 10110
Telephone: (212) 696-3730
Fax: (504) 455-1498

-and-

LEWIS S. KAHN
206 Covington St.
Madisonville, LA 70447
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Counsel for the Lead Plaintiff Movant and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MYRON and SANDY CANSON, Individually And On Behalf of All Others Similarly Situated, | Case: 11-CV-5382-JFK |
| Plaintiffs, | <u>CLASS ACTION</u> |
| vs. | |
| WEBMD HEALTH CORP., WAYNE T. GATTINELLA, and ANTHONY VUOLO, | |
| Defendants. | |

(Caption continued on the following page)

**MEMORANDUM IN SUPPORT OF THE MOTION OF JAMES EVERY TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

| | |
|---|---|
| STEVEN MALLAND, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WEBMD HEALTH CORP., WAYNE T. GATTINELLA, and ANTHONY VUOLO,<br><br>Defendants. | Case: 11-CV-6031-JFK<br><br>CLASS ACTION |

## PRELIMINARY STATEMENT

James Every ("Mr. Every" or "Movant") hereby moves this Court for an order: (1) to consolidate various related securities class actions[1] filed against WebMD Health Corp. ("WebMD" or the "Company"), Wayne T. Gattinella, and Anthony Vuolo (collectively "defendants"); (2) to be appointed Lead Plaintiff in this consolidated action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j and 78t), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78u-4) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5); and (3) to approve Movant's Choice of Lead Counsel.

Mr. Every fully understands his duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certification and Loss Chart attached to the Declaration of Kim E. Miller in Support of the Motion of James Every to Consolidate All Related Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A and Exhibit B,  Mr. Every has

---

[1] The related securities class actions include *Canson v. WebMD Health Corp.*, 11-CIV-5382 (filed Aug. 2, 2011) and *Malland v. WebMD Health Corp.* 11-CIV-6031-JFK (filed Aug. 26, 2011).

1

suffered losses of $60,481.07 as a result of his purchases of shares of WebMD common stock from February 23, 2011 to July 15, 2011 inclusive (the "Class Period").  To the best of his knowledge, Mr. Every has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Mr. Every's Certification demonstrates his intent to serve as Lead Plaintiff in this matter, including his cognizance of the duties of serving in that role.  *See* Miller Decl. at Exhibit A.  Moreover, Mr. Every satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, Mr. Every respectfully submits this memorandum of law in support of his motion, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order:  (1) consolidating all related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Mr. Every as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Exchange Act; and (3) approving his selection of the law firm of Kahn Swick & Foti, LLC ("KSF"), as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Canson v. WebMD Health Corp.*, 11-CIV-5382, was filed in the Southern District of New York on August 2, 2011.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on August 2, 2011, the first notice that a class action had been initiated against defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than October 3, 2011.  *See* Miller Decl. at Exhibit C.

Mr. Every is a Class Member (*see* Miller Decl. at Exhibit A) who has timely filed this motion within the 60 day period following publication of the August 2, 2011 Notice.

### STATEMENT OF FACTS[2]

WebMD describes itself as the leading provider of health information services, serving consumers, physicians, healthcare professionals, employers, and health plans through its public and private online portals, mobile platforms and health-focused publications. During the Class Period, defendants were privy to confidential and proprietary information concerning the Company's operations, finances, financial condition, and present and future business prospects.

On February 23, 2011, the first day of the Class Period, defendants issued a press release that represented to investors that the Company entered 2011 strongly positioned to benefit from a marketing shifts to online channels. Specifically, the Company predicted increased earnings for 2011 of $610-$640 million or a 14%-20% increase over 2010. The press release tied this increase to an approximate 16%-23% increase in public portal advertising and sponsorship revenue compared to 2010. In response to the announcement, on February 24, 2011, the price of WebMD stock rose $4.53 per share to close at $56.83 per share. On April 12, 2011, the Company issued a press release announcing that it expected its results for the first quarter of 2011 to exceed estimates of $126.2 million in revenue and $34.0 in earnings before interest, taxes, non-cash, and other items. In reaction to this announcement, the Company's stock price rose $1.92 per share on that same day. On May 5, 2011, the Company announced its financial results for the first quarter of 2011, reporting revenues of $131.6 million and net income of $19.5 million or $0.32 per share. The press release further stated that the Company reaffirmed its 2011 guidance for revenue and earnings as originally stated in their February 23, 2011 press release.

---

[2] These facts were derived from the allegations contained in the class action styled *Canson v. WebMD Health Corp.*, 11-CIV-5382 (filed Aug. 2, 2011).

In reality, throughout the Class Period, and unbeknownst to investors, the Company was encountering significant obstacles in achieving their revenue and earnings goals. In particular, defendants lacked a reasonable basis for making the above statements because they were aware that the Company was experiencing sponsorship cancellations, and several of the Company's customers were delaying advertising on the WebMD website due to decreases in advertising budgets. The February 23, 2011, April 12, 2011, and May 5, 2011 statements were each materially false and misleading when made because the Company misrepresented and failed to disclose these adverse facts, which were known to the defendants. On July 18, 2011, the last day of the class period, the Company issued a press release announcing its preliminary second quarter financial results and updated 2011 financial guidance. The company reported expected revenue of $141 million and a net income of $21.4 million or $0.35 per share. For 2011, the company issued a revised guidance with reduced expected revenue of $580 - $600 million, along with reduced expectations for earnings and income due to reduced expectations for public portals advertising and sponsorship and reduced expectations for private portal licensing.

Upon learning this news, on that same day, July 18, 2011, WebMD shares declined $14.01 per share, or 30% on extremely heavy trading volume. During the class period, defendants materially misled the investing public, thereby inflating the value of the stock. The material misstatements resulted in James Every and other members of the Class purchasing the stock for inflated values, thus causing damages to the Class when the truth was revealed and the price of the stock plummeted in value.

## ARGUMENT

### I.     THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact.  Both the Federal Rules of Civil Procedure (Fed. R. Civ. P. 42(a))[3] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Court have recognized that securities class actions, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of parties and witnesses for inquiries in multiple proceedings and minimizes the expenditure of time and money by all concerned persons. *See e.g., Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y 1997).

In this case, the related actions are perfectly suited for consolidation.  The class actions contain very similar allegations charging the Company and the same defendants with making false and misleading statements, and omitting material information concerning the Company's business operations and financial strength during the relevant period.  The Complaints allege the same Class Periods and the same defendants.  The class actions also involve common legal issues and assert claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the S.E.C.  Furthermore, consolidation is appropriate in securities cases where the complaints rely on the same public statements by defendants. *Glauser v. EVCI Career Colleges Holding Corp.*, No. 05-cv-10240, 2006 WL 1302265, at *3 (S.D.N.Y. May 9, 2006) ("While district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports.")  Accordingly, this Court should consolidate the related actions.

## II.     MR. EVERY SHOULD BE APPOINTED LEAD PLAINTIFF.

---

[3] Fed. R. Civ. P. 42(a):  Consolidation.  When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated.

5

### A.     The Procedural Requirements of the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Business Wire* on August 2, 2011. *See* Miller Decl. Exhibit C.[4] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than October 3, 2011. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. *See* 15 U.S.C. §§ 78u-4(a)(3)(A-B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. *See* 15 U.S.C. § 78u-4(a)(3)(B). In determining who is the "most adequate plaintiff," the act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa)   has either filed the complaint or made a motion in response to a notice…

---

[4] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004).

  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

  **B.** **Mr. Every is "The Most Adequate Plaintiff".**

    **1.** **Mr. Every Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff.**

  The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§ 78u-4(a)(3)(A-B), expires on October 3, 2011. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (timely published on August 2, 2011), Mr. Every timely moves this Court for appointment as Lead Plaintiff on behalf of all members of the class.

  Moreover, Mr. Every has sustained a substantial loss from his investment in WebMD stock and has shown his willingness to represent the class by signing a Certification detailing his WebMD stock transaction information during the Class Period. *See* Miller Decl. Exhibit A. As demonstrated by his certification, Mr. Every is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, Mr. Every has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biography of proposed Lead Counsel, KSF, is attached as Exhibit D to the Miller Declaration.

    **2. Mr. Every Has the Largest Financial Interest.**

  During the Class Period, as evidenced by the accompanying signed certification (Miller Decl., Ex. A), Mr. Every purchased his WebMD shares in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. In addition, Movant

7

incurred a substantial loss of $60,481.07 on his transactions in WebMD securities (Miller Decl. Exhibit B). To the best of his knowledge, Mr. Every thus has the largest financial interest in the relief sought. Therefore, Movant satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3. Mr. Every Satisfies the Requirements of Rule 23.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *See also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

### i. Mr. Every's Claims are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class."  The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.  *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because Mr. Every's claims are identical, non-competing and non-conflicting with the claims of the other Class Members.  Mr. Every and all other Class Members (1) purchased WebMD shares during the Class Period, (2) purchased WebMD shares in reliance upon the allegedly materially false and misleading statements issued by defendants, and (3) suffered damages by purchasing artificially inflated stocks and then suffered harm when the truth was revealed and the inflation was removed from the stock price.  Thus, Mr. Every's claims are typical of those of other class members since his claims and the claims of other class members resulted from the same wrongful conduct.

### ii. Mr. Every Will Adequately Represent the Class

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Movant to the existence of any conflicts between the interests of the Movant, on the one hand, and the members of the class, on the other hand.  The standard for adequacy of

9

representation under Rule 23(a)(4) is met by (1) the absence of potential conflicts between the named plaintiff and the other class members, and (2) the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Here, Mr. Every is an adequate representative of the class. As evidenced by the injuries suffered by Movant, who purchased WebMD stock at prices that were artificially inflated by defendants' materially false and misleading statements, the interests of the Mr. Every are clearly aligned with the interests of the other members of the class, and there is no evidence of any antagonism between Movant's interests and those of the other members of the class. Furthermore, Mr. Every has retained competent and experienced counsel to prosecute these claims. Movant's proposed Lead Counsel, KSF, is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Mr. Every *prima facie* satisfies the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this motion.

### III. THE COURT SHOULD APPROVE MR. EVERY'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. Mr. Every has selected Kahn Swick & Foti, LLC as Lead Counsel, a firm that has substantial expertise and experience in the prosecution of shareholder and securities class actions in federal and state courts across the country. *See* Miller Decl. Exhibit D. Thus, the Court may be assured that in granting this motion, the class will continue to receive legal representation of the highest caliber.

### CONCLUSION

For all of the foregoing reasons, Mr. Every respectfully requests that this Court: (1) consolidate all related actions, (2) appoint the Mr. Every to serve as Lead Plaintiff in this

consolidated action; (3) approve the Mr. Every's selection of KSF as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper

Dated: October 3, 2011	Respectfully submitted,

KAHN SWICK & FOTI, LLC

  /s/  Kim E. Miller
Kim E. Miller (KM-6996)
500 5th Ave. Suite 1810
New York, NY 10110
Telephone:   (212) 696-3730
Facsimile:   (504) 455-1498

-and-

Lewis S. Kahn
206 Covington St.
Madisonville, LA 70447
Telephone (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for Lead Plaintiff Movant James Every and Proposed Lead Counsel for the Class*

11

## **CERTIFICATE OF SERVICE**

      I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on October 4, 2011.

                                                           /s/ Kim E. Miller
                                                          Kim E. Miller